M. T. MARTIN *et al.*

*v.*

PATRICK J. SEXTON.

*Filed at Ottawa January 20, 1896—Rehearing denied March 17, 1896.*

TRIAL—*right to trial de novo under remanding order—waiver by stipulation.* The right to introduce evidence and have a trial *de novo* upon the remand of a case for further proceedings not inconsistent with the determination on appeal, is waived by a stipulation that a motion to have a decree entered be heard upon the printed abstract without further evidence, no objection being offered to going to a hearing upon the record as made.

*Martin* v. *Sexton,* 55 Ill. App. 221, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

A. L. FLANINGHAM, and L. B. HILLES, for plaintiffs in error:

When a cause is reversed and remanded without specific directions to the court below, the cause stands again for a new trial, the same as if no trial had ever been had. *Chickering* v. *Failes,* 29 Ill. 294; *Mitchell* v. *Bannon,* 10 Ill. App. 340; *Updike* v. *Parker,* 11 id. 356; *Hook* v. *Richeson,* 115 Ill. 431; *Cable* v. *Ellis,* 120 id. 136; *West* v. *Douglas,* 145 id. 166.

Testimony of witnesses taken on a former trial is not competent evidence to be used on a second trial, unless the witnesses be dead or have become insane since the former trial, or are kept away and prevented from testifying by the party against whom their evidence is to be used. *Bergen* v. *People,* 17 Ill. 426; *Stout* v. *Cook,* 47 id. 530; *Rafferty* v. *People,* 72 id. 37; *Barnett* v. *People,* 54 id. 325.

The rule as to the introduction of evidence taken on a former trial is the same in civil cases as in criminal. *Barnett* v. *People,* 54 Ill. 325.

ALEX. S. BRADLEY, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Defendant in error filed his bill in the Superior Court of Cook county to subject certain lands, the title to which was in Carrie E. Martin, wife of plaintiff in error Morris T. Martin, to the payment of a judgment against the latter. The trial court dismissed the bill on the hearing, and the decree was affirmed by the Appellate Court. On appeal to this court the judgment of the Appellate Court and the decree of the Superior Court were reversed, and the cause was remanded to the Superior Court for further proceedings not inconsistent with the views expressed in *Lachman* v. *Martin*, 139 Ill. 450. In the opinion in the case at bar it was said that the case is controlled by the *Lachman case*, which was decided and the decree reversed upon the evidence.

When the case at bar went back to the Superior Court, it was, upon notice, re-instated on the docket upon the mandate of this court and placed on the trial calendar. Afterwards the solicitor for complainant below served notice on the solicitors for defendants below that he would move to have the decree which was submitted with the notice for inspection, entered, upon opening the Supreme Court files and proceedings in said cause, and the parties then entered into the following stipulation: "It is agreed that the above motion may be continued, to be placed on the next contested motion calendar (to be called after vacation). It is also agreed that on the hearing of said motion either party may read the printed abstract of the record which was filed in the Supreme Court of Illinois in said case, instead of the record itself, or part of said abstract, when the record itself would be admissible." Afterward the cause came on for a hearing, and it seems to have been heard, under the stipulation, upon the record as already made in that court and in the Supreme Court, the abstract being used in lieu of the transcript of the record itself. Neither party offered

any further evidence, nor was any objection made to going to a hearing upon the record as already made.

Much of the argument is addressed to the question whether or not the cause should have been tried anew upon such evidence as the parties saw proper to introduce, but we do not deem it necessary to consider that question, as we are satisfied plaintiffs in error waived any right they may have had to insist upon such a trial. The decree finally rendered was such a decree as should have been rendered upon the evidence adduced upon the first trial, and is in accordance with the views expressed in the *Lachman case*, which this court said controlled the case at bar. Even if plaintiffs in error had the right, as they now contend, to have the case tried *de novo* and to introduce further evidence on their behalf, their contention can avail nothing here, they having waived it in the court below. This is the view which the Appellate Court seems to have taken of the question when it was there considered on error, and we are satisfied the conclusion reached was the proper one. The judgment of that court is therefore affirmed.        *Judgment affirmed.*